UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY KEENE, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MCKESSON CORPORATION, et al.,<br><br>   Defendants. | Case No. 12-cv-05924-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: ECF No. 113 |

Before the Court is Defendants' Motion to Transfer or Sever. ECF No. 113. Defendants argue that transfer is appropriate under 28 U.S.C. § 1404(a). For the reasons set forth below, the motion to transfer is granted, and the motion to sever is denied as moot.

## I.  BACKGROUND

Defendants' motion has been filed in six out of seven related actions involving allegations of personal injuries due to ingestion of prescription pain medications containing propoxyphene.[1] A multidistrict litigation ("MDL") is currently pending in the Eastern District of Kentucky on similar claims regarding propoxyphene. See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig., No. 2:11-md2226 (E.D. Ky.). On June 9, 2015, a court in the Central District of California granted a similar motion to transfer twenty-six additional propoxyphene cases to the Eastern District of Kentucky under 28 U.S.C. § 1404(a). Romo v. McKesson Corp., No. ED 12-2036 PSG, 2015 WL 3622620 (C.D. Cal. June 9, 2015). Defendants now ask for the same relief here.

These six cases were originally filed in California state court but were removed to federal

---

[1] Defendants have not filed this motion in the seventh case, Gutowski v. McKesson Corp., No. 3:14-cv-05521-JST. They note that Gutowski is the only case out of the seven that involves a single plaintiff rather than a class action, and that involves only two defendants: McKesson and Eli Lilly. They request that if the Court grants the motion to transfer, it schedules a separate Case Management Conference in Gutowski. ECF No. 113 at 8 n.1. Plaintiffs appear not to oppose this request, and the Court will grant it.

court as a mass action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2] At around the same time, twenty-six propoxyphene cases were also pending in the Central District of California after having been removed from state court under the same grounds. Romo, 2015 WL 3622620 at *2 (C.D. Cal. June 9, 2015). Much like here, the defendants in the Central District cases filed a motion to transfer or sever. Id. at 1. On June 9, 2015, the district court ordered the Central District cases transferred to the Eastern District of Kentucky, the same district currently housing a propoxyphene MDL. Id. at 4-6.

On June 30, 2015, the parties informed this Court that the plaintiffs in the Central District cases were seeking a writ of mandamus from the Ninth Circuit Court of Appeals vacating the order transferring the actions. Keene v. McKesson, No. 12-cv-5924-JST, ECF No. 75. Accordingly, on August 6, 2015, this Court granted a request to stay proceedings in these cases until the Ninth Circuit had ruled on plaintiffs' petition for a writ of mandamus. Keene ECF No. 97.

On September 24, 2015, the parties informed the Court that the Ninth Circuit had denied plaintiffs' petition for a writ of mandamus. Keene ECF No. 98. The instant motion was then filed on November 5, 2015. ECF No. 113. Plaintiffs responded on November 19, 2015, ECF No. 117, and Defendants replied on December 3, 2015, ECF No. 122.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized

---

[2] The procedural history by which these cases were removed to this Court is complicated and not necessary to resolve the motion before the Court, so it is not reviewed here. A partial summary may be found in this Court's prior order granting a motion to remand in Keene v. McKesson, No. 12-cv-5924-JST, ECF No. 58. This order was then reversed by the Ninth Circuit, see Keene ECF No. 65, as was the case in several of the other related cases.

2

basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) ("Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988))).

As the moving party, Defendants bear the burden of showing that transfer is warranted. Id. The statute defines three factors that the Court must consider: the convenience of the parties, the convenience of the witnesses, and the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has also listed the following factors that a court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498-99.

### III. ANALYSIS

Defendants argue that the Court should transfer these cases to the Eastern District of Kentucky because it will serve the interests of justice and will be more convenient for the parties and witnesses. ECF No. 113 at 10. In the alternative, they request that the Court sever Plaintiffs' claims as misjoined, and either dismiss them or transfer them to their respective home states. Id. Plaintiffs oppose both requests. ECF No. 117. For the reasons stated below, the Court grants the motion to transfer and, accordingly, declines to consider the alternative request to sever Plaintiffs' claims.

#### A. CAFA Does Not Bar Transfer Under Section 1404(a)

Before reaching the merits of Defendants' arguments for transferring the case, Plaintiffs argue that transfer under section 1404(a) should be considered barred by CAFA's prohibition on the transfer of removed "mass actions" to MDLs in other districts. ECF 117 at 9. 28 U.S.C. 1332(d)(11)(C)(i) states that "[a]ny action(s) removed to Federal Court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407, or the rules

3

promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407." Here, a majority of plaintiffs have not requested transfer, and so this case could not be transferred pursuant to section 1407. Plaintiffs argue that the prohibition should also be read to prevent transfer under section 1404(a).

This argument was also considered and rejected in Romo v. McKesson, No. ED 12-2036 PSG, 2015 WL 3622620 at *2-3. On its face, section 1332(d)(11)(C)(i) says nothing about transfer under section 1404(a), which is the relief requested here — it only prohibits transfer under section 1407. The two sections are, of course, distinct: section 1404(a) allows generally for transfer of venue in the interests of justice and for the convenience of the parties, while section 1407 deals with MDL transfers made by the JPML. See Romo, 2015 WL 3622620 at *3.

Plaintiffs must therefore rely on the argument that it was Congress's unexpressed intent to prevent transfer under section 1404(a) as well as under section 1407, despite declining to prohibit it in the statute itself. Plaintiffs cite no authority for this proposition. Plaintiffs argue that allowing transfer under section 1404(a) would constitute an "end-around" of section 1332(d)(11)(C)(i)'s prohibition on transfer under section 1407. ECF No. 117 at 10. But once again, sections 1404(a) and 1407 are concerned with transfer in different contexts. The Court is not being asked to transfer these cases to the MDL or even to Judge Reeves, but to the Eastern District of Kentucky. Plaintiffs rightly state that the logical consequence of granting a transfer will be to weaken the protections of the prohibition on section 1407 transfers. But to do otherwise would require the creation from whole cloth of a new common-law rule, since section 1332(d)(11)(C)(i) as written provides no support for Plaintiffs' interpretation. The Court declines to create such a rule on its own.

### B. The Cases Could Have Been Brought in Kentucky

28 U.S.C. § 1404(a) specifies that cases may only be transferred to other districts where they "might have been brought." Defendants assert that venue is proper in Kentucky, ECF No. 113 at 11, and plaintiffs do not dispute that they could have brought their cases in the Eastern District of Kentucky. See ECF No. 122 at 7. Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to

4

the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, the six cases involve alleged harm caused by Defendant Xanodyne Pharmaceuticals, Inc., which maintains its principal place of business within the Eastern District of Kentucky. See ECF No. 113 at 11. The Court agrees with the parties that these cases could have been brought in the Eastern District of Kentucky.

### C. The Interests of Justice Tilt in Favor of Transfer

Defendants argue that transferring the cases to the Eastern District of Kentucky will promote the interests of justice because that district is already home to numerous propoxyphene cases. ECF No. 113 at 13. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [section] 1404(a) was designed to prevent." Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960).

This appears to be the situation here. Defendants note that Judge Danny C. Reeves,[3] who is presiding over both the MDL and the recently transferred Central District of California cases, has established "various case management, practice and procedure, and discovery protocols" that could facilitate more efficient and economical proceedings in these cases as well. ECF No. 113 at 14. They also suggest that Judge Reeves has resolved a number of legal disputes common to the propoxyphene cases, ECF No. 113 at 14, though Plaintiffs contest the volume and significance of these decisions, ECF No. 117 at 14 ("Judge Reeves has merely addressed the issue of preemption in certain cases without ruling on the underlying causes of action."). Finally, Defendants suggest that the Eastern District of Kentucky is a better venue because there is a greater familiarity with the facts of the case, the legal issues at play, and the parties involved in the dispute. ECF No. 113 at 16.

All of these points suggest that transferring these cases to the Eastern District of Kentucky

---

[3] Under the local rules of the Eastern District of Kentucky, a case may either be reassigned upon the Court's own motion to another judge "in the interests of justice," or a party may file a motion to reassign a case if it is related to another case pending in the district. Joint Ky. Civ. Prac. R. 40.1(b). A case is considered related if it meets the requirements of Fed. R. Civ. Pro. 42(a) or "if a substantial savings of judicial time and resources would result if they were handled by the same judge." Id.

5

would serve the interests of justice. See Romo v. McKesson Corp., No. ED 12-2036 PSG, 2015 WL 3622620 at *4 (C.D. Cal. June 9, 2015) (holding that the Eastern District of Kentucky "has become familiar with the issues at stake in this litigation and would, consequently, resolve them more efficiently.") Combining the various propoxyphene cases in a single district would avoid inefficient duplication of efforts in judicial proceedings as well as the danger of inconsistent results. Puri v. Hearthside Food Solutions, No. CV 11-8675-JFW, 2011 WL 6257182 at *3 (C.D. Cal. Dec. 13, 2011) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid duplicitous litigation and inconsistent results." (internal quotation marks and citation omitted)).

Plaintiffs argue their decision to file in California should be respected, and indeed, generally there is a strong presumption in favor of the plaintiff's choice of forum. Cadenasso v. Metro. Life Ins. Co., No. 13-cv-05491-JST, 2014 WL 1510853 at *6 (N.D. Cal. April 15, 2014). However, multiple factors in this case suggest that this decision should be accorded less deference here.

First, it is relevant that Plaintiffs do not represent only themselves but a large class of absent members. "[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Second, "consideration must be given to the extent of both [parties'] contacts with the forum." Id. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." Id. Plaintiffs in this case do not offer any assertion of operative facts that occurred within California, nor any reason why California would have a greater interest in the case over any other forum. See Romo, 2015 WL 3622620 at *4 (reaching the same conclusion).[4]

---

[4] A third factor in favor of less deference is whether there is a strong inference that plaintiffs have engaged in forum-shopping, "ch[oosing] the forum to escape an unfavorable ruling in a different district." Cadenasso, 2015 WL 1510853 at *5. Defendants assert that plaintiffs filed in California "after Judge Reeves issued dispositive rulings holding that the vast majority of their claims were barred as a matter of law." ECF No. 113 at 19. Plaintiffs do not substantively respond to this claim, arguing only that their decision to file in California was valid because "[t]here are California residents Plaintiffs and Defendant McKesson is a California resident." ECF No. 117 at 16. In any event, it is not necessary for this Court to resolve the forum-shopping dispute to

Accordingly, the factor of interests of justice suggests that transfer under section 1404(a) is appropriate.

### D. The Eastern District of Kentucky Is a More Convenient Forum For the Witnesses and Parties

Defendants also argue that the Eastern District of Kentucky is a more convenient forum for both witnesses and the parties. In relation to the parties, they acknowledge that convenience is not a strong factor weighing in either direction because there are hundreds of Plaintiffs who reside throughout the country and numerous defendants who also reside in different states. ECF No. 113 at 17. However, they assert that Xanodyne, the "primary Defendant in this litigation," is located in Kentucky, while the only Defendant in California is McKesson, "an alleged distributor" that is "tangentially related." ECF No. 113 at 18.

As for witnesses, they state that "'[r]elevant documents and witnesses likely are located within the Eastern District of Kentucky at defendant Xanodyne's Newport Headquarters.'" ECF No. 113 at 18 (quoting In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig., MDL No. 2226 (J.P.M.L. Aug. 16, 2011)). Moreover, it seems safe to assume that the various propoxyphene cases may involve some of the same witnesses. Regardless of location, it will be more convenient for these witnesses to travel to a single forum for all of these cases rather than traveling to different ones across the country.

Plaintiffs do not contest the validity of any of these points. They cite to district court case law for the proposition that Defendants, in order to successfully argue convenience, must specifically "name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." ECF No. 117 at 17 (quoting Eclipse IP LLC v. Volkswagen Grp. of Am., Inc., No. EDCV 12-2087 PSG, 2013 WL 9935572, at *3 (C.D. Cal. May 10, 2013), and citing Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007)).

Although it acknowledges Plaintiff's point, the Court concludes that Defendants have

---

conclude that Plaintiffs' choice of forum is entitled to less deference.

shown that the factor of convenience tilts in their favor.  Plaintiffs do not dispute that Xanodyne is the most significant defendant in the case and that much of the testimony and evidence will likely be related to it.  Nor do they suggest any inconvenience that would be caused by transfer, or that could offset eliminating the inconvenience of requiring key witnesses to travel to both Kentucky and California rather than a single forum for all of the propoxyphene cases.

## CONCLUSION

For the reasons stated above, Defendants' motion to transfer these cases to the Eastern District of Kentucky is granted.  Their motion to sever Plaintiffs' claims is denied as moot.  As requested by Defendants, see supra 1 at n.1, and no objection having been received from Plaintiffs, Gutowski v. McKesson Corp., No. 3:14-cv-05521-JST, will not be transferred.  The Court will schedule further proceedings in that case by separate order.

**IT IS SO ORDERED.**

Dated:  December 17, 2015

_____
JON S. TIGAR
United States District Judge

8